IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 16-271 |
| v. | : | |
| | : | CIVIL ACTION |
| WILLIAM JOSEPH BOYLE | : | NO. 18-4700 |

MEMORANDUM

Bartle, J.                                                      December 11, 2018

      Petitioner William Joseph Boyle ("Boyle") has moved the court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Before the court is motion of the Government seeking a declaration that Boyle has waived the attorney-client privilege as to the ineffective assistance of counsel claims set forth in Boyle's motion. Specifically, the Government seeks to speak with former counsel for Boyle in order to assist with the preparation of its response to the § 2255 motion.

I

      On June 30, 2016, Boyle was charged in an indictment with the following offenses: (1) five counts of mail fraud, in violation of 18 U.S.C. § 1341; (2) three counts of wire fraud, in violation of 18 U.S.C. § 1343; (3) one count of securities fraud, in violation of 15 §§ U.S.C. 78j(b) and 78ff; and (4) one count of investment advisor fraud, in violation of 15 U.S.C. §§ 80b-6 and 80b-17. On August 30, 2016, Boyle pleaded guilty to all ten counts charged in the indictment.

At the time of his change of plea hearing, Boyle was represented by Robert E. Goldman, Esquire. Thereafter, on October 27, 2016, Attorney Goldman withdrew his appearance and Jonathan H. Stanwood, Esquire filed a notice of appearance on behalf of Boyle. He represented Boyle at his sentencing and on appeal.

On November 30, 2016, Boyle was sentenced to a term of 60 months' imprisonment on his conviction for investment advisor fraud to run concurrently to a term of 78 months' imprisonment on the other counts of conviction. Thereafter, Boyle appealed his sentence. The sole issue raised by Boyle on appeal was this court's application of a two-level sentencing enhancement for "a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding." See U.S.S.G. § 2B1.1(b)(9)(B). Our Court of Appeals affirmed Boyle's sentence. See United States v. Boyle, 723 F. App'x 111 (3d Cir. Feb. 13, 2018).

On October 31, 2018, Boyle filed pro se the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his motion, Boyle asserts that Attorney Goldman did not explain to him the nature of an open plea but instead promised that Boyle would receive only 41 months' imprisonment if he pleaded guilty. He further contends that Attorney Stanwood was ineffective for failing to raise this issue at sentencing and on appeal. According to Boyle, Attorney

Stanwood was also ineffective for failing to object at the time of sentencing or on appeal to the four-point enhancement under the advisory U.S. Sentencing Guidelines which the court applied because at the time of the offense Boyle was an investment advisor.  See U.S.S.G. § 2B1.1(b)(19)(A)(iii).

The Government now moves this court for an order declaring that Boyle has waived attorney-client privilege through the filing of his motion under § 2255 in which he asserts ineffective assistance of counsel.  In its motion, the Government states that it wishes to consult with Attorney Goldman and Attorney Stanwood to assist with the preparation of a response to Boyle's motion.

II

Under Rule 4(b) of the Federal Rules Governing Habeas Cases, the judge who receives a motion under § 2255 must promptly examine it and must dismiss the motion if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the defendant is not entitled to relief.  If the motion is not dismissed, the judge must order the Government to file a response addressing the allegations in the motion.  Under Rule 6, a judge may, for good cause, authorize a party to conduct discovery.  And under Rule 7, a judge may direct the parties to expand the record by submitting additional materials relating to the motion.  The judge must

then review the Government's response, the transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Here, as discussed above, Boyle has asserted that he received ineffective counsel in violation of the Sixth Amendment to the United States Constitution. To succeed on such a claim, Boyle must meet the standard set forth by the Supreme Court in <u>Strickland v. Washington</u>:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. 668, 687 (1984). The Court further held that if either prong of this test is not satisfied the petitioner's claim must be rejected:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In

>     particular, a court need not determine
>     whether counsel's performance was deficient
>     before examining the prejudice suffered by
>     the defendant as a result of the alleged
>     deficiencies. The object of an
>     ineffectiveness claim is not to grade
>     counsel's performance. <u>If it is easier to
>     dispose of an ineffectiveness claim on the
>     ground of lack of sufficient prejudice,
>     which we expect will often be so, that
>     course should be followed. Courts should
>     strive to ensure that ineffectiveness claims
>     not become so burdensome to defense counsel
>     that the entire criminal justice system
>     suffers as a result</u>.

<u>Id.</u> at 697 (emphasis added).

In the context of a guilty plea, the "prejudice" prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). Where the court has conducted an adequate change-of-plea colloquy of the defendant, an erroneous prediction or assurance by counsel regarding the defendant's likely sentence does not constitute grounds for invalidating a guilty plea on grounds of ineffective assistance of counsel. See <u>Masciola v. United States</u>, 469 F.2d 1057, 1059 (3d Cir. 1972); <u>Sepulveda v. United States</u>, 69 F. Supp. 2d 633, 641 (D.N.J. 1999).

In <u>United States v. Dawson</u>, our Court of Appeals set forth the standard for determining whether a hearing should be held of a claim of ineffective assistance of counsel raised in a

§ 2255 motion. 857 F.2d 923, 927-28 (3d Cir. 1988). First, we must accept as true all of petitioner's nonfrivolous allegations. Id. at 927. Next, we must determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel under Strickland. Id. at 927-28. If the allegations fail to demonstrate either deficient performance by counsel or prejudice to the defendant, then the claim does not merit a hearing. Id. at 928. If, on the other hand, the allegations state a colorable claim for relief under Strickland, then further factual development in the form of a hearing is required. Id.

In light of the standard established by Strickland and Dawson, we will deny the Government's motion without prejudice at this time. We agree with the Government that, through the filing of his petition, Boyle has waived the attorney-client privilege as to communications relating to his claims.[1] However,

---

1. It is well-established that a party waives the attorney-client privilege by asserting claims or defenses that put his or her attorney's advice at issue. See Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994). For example, a client may waive the privilege as to certain communications with his or her attorney by filing a malpractice action against that attorney. See id. While our Court of Appeals has not addressed the precise issue, Courts of Appeals outside of this circuit have applied this standard to ineffective assistance of counsel claims, holding that petitioners under § 2255 waived the attorney-client privilege as to the specific claims being raised in their petitions. See; United States v. Pinson, 584 F.3d 972, 977-78 (10th Cir. 2009); In re Lott, 424 F.3d 446, 453 (6th Cir. 2005); Bittaker v.

-6-

we find that the better procedure at this stage is to determine whether Boyle's motion can be resolved on the existing record without resorting to the introduction of new evidence that would otherwise be protected by the attorney-client privilege.

We also direct the Government to Formal Opinion 10-456 issued by the American Bar Association ("ABA") Standing Committee on Ethics and Professional Responsibility, which addresses "whether a criminal defense lawyer whose former client claims that the lawyer provided constitutionally ineffective assistance of counsel may, without the former client's informed consent, disclose confidential information to government lawyers prior to any proceeding on the defendant's claim in order to help the prosecution establish that the lawyer's representation was competent." The opinion concludes that disclosure by former defense counsel of privileged information in response to a prosecution request, prior to a court-supervised response by way of testimony at a hearing or through an affidavit, is unlikely to comply with the confidentiality requirements of Rule 1.6 of the ABA Model Rules of Professional Conduct. We need not decide at this time whether or to what extent the Government may speak to defense counsel prior to any hearing.

---

Woodford, 331 F.3d 715, 716 (9th Cir. 2003); Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001).

In conclusion, the Government is directed to file and serve its response, which is currently due on or before January 31, 2019, using the existing record including the transcript of Boyle's change of plea hearing. The court will then consider the Government's response and any reply filed by Boyle. If after its review the court finds that an evidentiary hearing is necessary, the court will revisit the issues raised by the pending motion and decide upon the proper procedure to be followed.