IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| WILLIAM JOSEPH BOYLE | : | NO. 16-271 |

MEMORANDUM

Bartle, J.                                                                August 22, 2022

Defendant William Joseph Boyle pleaded guilty to five counts of mail fraud (18 U.S.C. § 1341), three counts of wire fraud (18 U.S.C. § 1343), one count of securities fraud (15 U.S.C. §§ 78j(b) and 78ff), and one count of investment advisor fraud (15 U.S.C. §§ 80b-6 and 80b-17).  He was a licensed investment advisor who defrauded clients and spent the money on himself including the purchase of a bar on South Street in Philadelphia which he named the "Boyler Room."  He was sentenced on November 30, 2016 to 78 months in prison, placed on 3 years of supervised release, and ordered to pay restitution in the amount of $427,872.39.  Before the court is his pro se letter motion for early termination of supervised release.

Boyle's supervised release began on August 6, 2021. In September 2021, the court modified the terms of his supervised release to include, among other requirements, that he participate in a drug treatment program.  His payments for restitution are being timely paid, albeit in minimal amounts.

Boyle asserts that since his release from prison he has "built back" his relationship with his adult children and extended family. He also attends worship services on a regular basis and Alcoholics Anonymous ("AA") meetings weekly. He states he has maintained regular employment.

According to his letter, he has learned "so much from his incarceration" and is now a "humble man filled with gratitude to have a second chance at life." He recounts that he is "a rehabilitated man and no longer a threat to the community."

The Government and the probation officer oppose Boyle's pending motion.

18 U.S.C. § 3583(e)(1) provides:

> (e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The factors outlined in § 3553(a) which the court must consider are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020).

A term of supervised release is almost always a component of any sentence where imprisonment is imposed. See 18 U.S.C. § 3583; U.S. Sentencing Guidelines § 5D.1.1.  In contrast to imprisonment, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them."  United States v. Murray, 692 F.3d 273, 280 (3d Cir. 2012)(quoting United States v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011)).  Supervised release is designed to fulfill "rehabilitative ends, distinct from those served by incarceration."  United States v. Johnson, 529 U.S. 53, 59 (2000).  Accordingly, when considering a modification or termination of supervised release, the court does not consider the sentencing factors outlined in

§ 3553(a)(2)(A): "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  See § 3583(e).

Our Court of Appeals has made clear that the district court does not need to find "an exceptional, extraordinary, new, or unforeseen circumstance" in order to modify or terminate a person's supervised release.  Melvin, 978 F.3d at 53.  While the court must consider the factors found in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), it need not make specific findings as to each.  Id. at 52-53.

It is certainly commendable that Boyle has learned from his interaction with the criminal justice system, has been reunited with his children and extended family, attends worship services and AA meetings regularly, and has steady employment.  Nonetheless, he still owes significant restitution and has had issues with drugs and alcohol.  He is also in the early stage of his term of supervised release.

Due to Boyle's history, only one year of supervised release is much too short a period to determine if he has been rehabilitated and become fully integrated into the community.  The court especially needs more time to assess how he is meeting his drug and alcohol challenges.  After considering all the factors required under § 3583(e)(1), Boyle has not established

-5-

that his conduct after release from prison and the interest of justice warrant the early termination of his supervised release.

Accordingly, the motion of defendant for early termination of his supervised release will be denied.